IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ELLSWORTH O'HARA, ) | |
| ) | |
| Petitioner, ) | C.A. No. 10-163 Erie |
| ) | |
| v. ) | |
| ) | District Judge Sean J. McLaughlin |
| RAYMOND J. SOBINA, et al., ) | Magistrate Judge Susan Paradise Baxter |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Petitioner, John Ellsworth O'Hara, is serving a judgment of sentence imposed on September 10, 1990, by the Court of Common Pleas of Erie County. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [ECF No. 1]. The petition is at least the second habeas petition that he has filed with this Court in which he challenges that judgment of sentence. Because he did not receive from the Third Circuit Court of Appeals an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), I recommend that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

**A.    Relevant Factual and Procedural History**

On August 9, 1990, Petitioner appeared before the Court of Common Pleas of Erie County and pleaded guilty to two counts of burglary and one count each of aggravated indecent assault and possessing instruments of crime. On September 10, 1990, the court sentenced him to an aggregate term of imprisonment of 27 ½ to 55 years. [ECF No. 1 at p. 1].

Subsequent to his sentencing, Petitioner has made numerous attempts in state court for

1

relief from his September 10, 1990, judgment of sentence, all of which have been unsuccessful.[1] In August of 2006, he filed in this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking federal habeas relief from that judgment of sentence. That case was docketed at O'Hara v. Brooks, No. 1:06-cv-00177 (W.D. Pa.), assigned to District Judge Sean J. Mclaughlin and referred to the undersigned. On June 8, 2007, the Court denied the habeas petition as untimely under the one-year statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The Court also denied Petitioner a certificate of appealability and closed the case. See ECF Nos. 14, 16 in O'Hara v. Brooks, No. 1:06-cv-00177 (W.D. Pa.).

In the instant case, Petitioner once again seeks habeas relief from this Court from his September 10, 1990, judgment of sentence. [ECF No. 1 at p. 1].

**B.    Discussion**

Because this petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his September 10, 1990, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that

---

[1] According to Respondents, by June of 2008, Petitioner had filed six petitions for post-conviction relief in the Court of Common Pleas.

2

Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with Fed.R.Civ.P. 72, Petitioner is allowed fourteen (14) days from the date of serve to file written objection to this Report and Recommendation. No extensions of time will be granted. Failure to file timely objections may constitute waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Dated: November 4, 2010       U.S. Magistrate Judge